## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| AUTOMOTIVE DRIVING SOLUTIONS, LTD. | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 13-CV-420 |
| vs. | ) ) | |
| BlueRidge Trailers, Inc. aka Blue Ridge Trailers, Inc. aka Blueridge Trailers, Inc. | ) ) ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF'S ORIGINAL PETITION
## (JURY DEMAND ENDORSED HEREON)

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff Automotive Driving Solutions, Ltd., complaining herein of Defendant BlueRidge Trailers, Inc. and for cause of action states:

### I.
### VENUE, JURISDICTION & PARTIES:

1.     Automotive Driving Solutions, Ltd. (hereinafter "ADS" or "Plaintiff") is a corporation in good standing with its primary place of business in Peterborough, Ontario, Canada.

2.     Defendant BlueRidge Trailers, Inc. (hereinafter "BlueRidge" or "Defendant") is a Texas corporation with its principal place of business in Canton, Texas.  Activities giving rise to

the causes of action set forth herein occurred in Canton, Texas.  Defendant does business as, and

is also known as, Blue Ridge Trailers, Inc., and Blueridge Trailers, Inc.

3.      This Court has jurisdiction over this civil action and over the parties pursuant to

28 U.S.C. § 1332(a)(1). Venue of this action in this Court is proper under 28 U.S.C. §

1391(b)(1)-(2).

## II.
## STATEMENT OF FACTS:

4.      Plaintiff stages large scale promotional events held across North America,

providing logistics, transportation, staffing, product training, and management needs for such

events.  Plaintiff services clients such as General Motors, Dodge, Ford, Honda, KIA, Mazda,

Mitsubishi, Toyota, and Volkswagon.

5.      In or around March, 2012, Plaintiff desired to add a new Trailer to its fleet in

order to better service its clients.

6.      On March 29, 2012, Defendant provided Plaintiff with a Quotation to design,

manufacture, build, assemble, provide, sell and deliver a new 2012 BlueRidge Aluminum trailer

for the sum of $160,000.00 (all sums mentioned herein are in United States Dollars), to be

delivered on April 15, 2012.  See **Exhibit 1** attached hereto and incorporated herein.

7.      Plaintiff agreed to the Quotation, and contracted with Defendant whereby

Defendant would design, manufacture, build, assemble, provide, sell and deliver to Plaintiff a

new 2012 BlueRidge Aluminum trailer (the "Trailer") for the sum of $160,000.00 to be ready for

shipping on April 15, 2012.

8.      On April 19, 2012 Defendant issued an Invoice for $160,000.00 for the Trailer.

See **Exhibit 2** attached hereto and incorporated herein.  Said Invoice again stated ready for

shipping on April 15, 2012.

9.     On April 23, 2012 Defendant issued a supplemental Invoice for $5,000.00 for additional items relative to the Trailer.  See **Exhibit 3** attached hereto and incorporated herein.

10.     Plaintiff paid the Defendant the sum of $165,000.00 pursuant to Defendant's Invoices and contract identified above.

11.     Plaintiff fully performed all obligations required of it pursuant to the contract and agreement between it and Defendant.

12.     On April 20, 2012 Defendant's president executed a Bill of Sale for the Trailer, bearing identification number 1B9SE5329CC882011.  See **Exhibit 4** attached hereto and incorporated herein.

13.     On April 20, 2012 Defendant's president executed a Certification Letter of Compliance whereby he acknowledge and represented that the Trailer was manufactured and sold by Defendant, and that it complied with all Federal Motor Vehicle Safety Standards then in effect.  See **Exhibit 5** attached hereto and incorporated herein.

14.     Plaintiff sent an awning (approximately 25 feet by 50 feet) to Defendant to attach to the Trailer.

15.     Defendant told Plaintiff to rush the shipment of the awning to Defendant, at a cost of $3,000 to the Plaintiff.

16.     The Trailer was not shipped and/or delivered on April 15, 2012.

17.     The Trailer was delivered on June 26, 2012, in New York, some 73 days late.

18.     Upon such delivery, certain components to the trailer were missing, including the tailgate controller and the hydraulic fittings.  Defendant provided these components at a later date.

19.    Due to the late delivery, the Trailer was not available to Plaintiff at several events. Plaintiff was required to rent a substitute trailer and substitute cover (tents).

20.    Shortly after taking possession of the Trailer, and throughout possessing the Trailer, the Plaintiff experienced problems with the Trailer and its performance.

21.    Plaintiff has experienced, relative to the Trailer, equipment and component malfunctions, inadequacies, and failures, including, without limitation: items and components related to the breaker panels, breakers, generator, light fixtures, wiring, outside lighting, compressor, unsafe welds and decking, hinges, rivets, clamps, air leaks, non-matching tires, faulting leveling arm, non-functioning air bag(s), hydraulic leaks, hydraulic malfunctions, door malfunctions, valve malfunctions, wrongly specified pump, wrong and malfunctioning plugs, undersized and underperforming generator, electrical short circuit(s), various lines not attached and/or secured properly, missing rivets and fasteners, surface metal not primed or coated, leaks in roof, leaks in floor, rear door does not operate, faulty fuel tank, generator enclosure, battery, exhaust system, moldings, bearings, lights, and crossmember and rollers.

22.    The trailer also has major design problems, including insufficient space between inner tires and suspension air bags, causing the air bags to puncture during normal use.

23.    The trailer was, wrongfully, negligently, and unprofessionally designed, specified, assembled, manufactured, and sold by the Defendant.

24.    The trailer is unsafe and unfit for many general uses.

25.    The trailer, and the contract between the parties, failed of its essential purpose.

26.    To date, Plaintiff has incurred over $70,000.00 in repairs and modifications.

27.    Defendant has failed, refused, and/or is unable to properly and fully address, satisfy, and/or repair said problems, malfunctions, inadequacies, and failures.

28.     Defendant has failed and refused to rescind the transaction, reimburse Plaintiff's costs, and/or refund the purchase price to the Plaintiff.

### III.
### CAUSES OF ACTION:

### COUNT I:
### BREACH OF CONTRACT
### (Express Warranties)

29.     Plaintiff reincorporates the allegations contained in the preceding paragraphs as if fully rewritten herein.

30.     Plaintiff and Defendant contracted whereby Defendant was to design, manufacture, build, assemble, provide, sell and deliver the above described Trailer to the Plaintiff on April 15, 2012.

31.     Plaintiff fully performed all obligations required of it pursuant to the contract and agreement between it and the Defendant.

32.     Defendant warranted the Trailer would be safe, fit for Plaintiff's purposes, of merchantable quality, and that it complied with Federal Motor Vehicle Safety Standards. Defendant breached said warranties.

33.     The Trailer is not fit for its intended purpose and is not of merchantable quality.

34.     Defendant warranted the Trailer would be delivered on April 15, 2012. Defendant breached said warranty.

35.     Defendant warranted it would proceed in good faith.  Defendant breached that warranty.

36.     To date, Plaintiff has incurred over $70,000.00 to repair, fix, and modify the Trailer.

37.     As a direct and proximate result of Defendant's breach of contract and breaches of warranty, Plaintiff has suffered damages in excess of $250,000, to be proven at trial, for which Defendant is liable.

## COUNT II:
## BREACH OF CONTRACT
### (Implied Warranties)

38.     Plaintiff reincorporates the allegations contained in the preceding paragraphs as if fully rewritten herein.

39.     Plaintiff and Defendant contracted whereby Defendant was to design, manufacture, build, assemble, provide, sell and deliver the above described trailer to Plaintiff on April 15, 2012.

40.     Plaintiff fully performed all obligations required of it pursuant to the contract and agreement between it and the Defendant.

41.     Defendant impliedly warranted the Trailer would be safe, fit for Plaintiff's purposes, of merchantable quality, and that it complied with Federal Motor Vehicle Safety Standards.  Defendant breached said warranties.

42.     The Trailer is not fit for its intended purpose and is not of merchantable quality.

43.     Defendant warranted the Trailer would be delivered on April 15, 2012. Defendant breached said warranty.

44.     Defendant impliedly warranted that it would proceed in good faith.  Defendant breached said warranty.

45.     As a direct and proximate result of Defendant's breach of contract, and breach of warranties, Plaintiff has suffered damages in excess of $250,000, to be proven at trial, for which Defendant is liable.

## COUNT III:
## PROMISSORY ESTOPPEL/DETRIMENTAL RELIANCE

46.     Plaintiff reincorporates the allegations contained in the preceding paragraphs as if fully rewritten herein.

47.     Defendant represented and promised it had the skills, experience, ability and wherewithal to design, manufacture, build, assemble, provide, sell and deliver the above described Trailer to Plaintiff for delivery on April 15, 2012.

48.     Plaintiff reasonably relied on Defendant's representation and promises that Defendant had the skills, experience, ability and wherewithal to design, manufacture, build, assemble, provide, sell and deliver the above described Trailer to Plaintiff for delivery on April 15, 2012.

49.     Plaintiff's reliance was to its detriment.

50.     The representations and promises by the Defendant were false and were false when made by the Defendant.

51.     As a direct and proximate result of Defendant's actions, Plaintiff has been damaged and has suffered damages in excess of $250,000, to be proven at trial, for which Defendant is liable.

## COUNT IV:
## NEGLIGENCE

52.     Plaintiff reincorporates the allegations contained in the preceding paragraphs as if fully rewritten herein.

53.     Defendant had a duty to the Plaintiff to design, manufacture, build, assemble, provide, sell and deliver the Trailer in a reasonable fashion.

54.     Defendant breached its duty.

55.     As a direct and proximate result of Defendant's breaches of duty, Plaintiff has suffered damages in excess of $250,000, to be proven at trial, for which Defendant is liable.

## COUNT V:
## DECLARATORY JUDGMENT/RECISSION

56.     Plaintiff reincorporates the allegations contained in the preceding paragraphs as if fully rewritten herein.

57.     The Trailer is beyond repair via reasonable measures and costs.

58.     The Trailer is unsafe and unfit for many general uses.

59.     The Trailer, and the contract between the parties, fails of its essential purpose.

60.     Plaintiff has clean hands.

61.     Plaintiff has, or may have, an inadequate remedy at law.

62.     Plaintiff does and shall repudiate and disaffirm the contract.

63.     Plaintiff requests that the Court declare the trailer not reasonably repairable, the contract failed of its essential purpose and the contract rescinded.

64.     Plaintiff requests the equitable remedy of rescission of the contract, and that the Court place the parties in the same position they held before the contract, including the return to Plaintiff of the purchase price ($165,000.00), the return of the Trailer to the Defendant, and the reimbursement of the Plaintiff by Defendant of all sums incurred by Plaintiff in the maintenance, repair, and possession of the Trailer.

## IV.
## PRAYER:

WHEREFORE, based on the foregoing, Plaintiff prays for:

    a.   Judgment in its favor and against Defendant in an amount in excess of $250,000.00 to be determined at trial, plus interest, costs, and attorney fees;

b.  For a judicially declared and Court Ordered rescission of the contract, and the return of the parties to same position they held before the contract, including the return to Plaintiff of the purchase price ($165,000.00), the return of the trailer to the Defendant, and the reimbursement of the Plaintiff by Defendant of all sums incurred by Plaintiff in the maintenance, repair, modification, and possession of the trailer; and

c.  Any additional relief that this Court determines to be just and equitable.

Respectfully submitted,


*s/ Mark F. Kruse*

OF COUNSEL:                          **MARK F. KRUSE (0029989)**
                                     The Galleria & Towers at Erieview
Kahn & Kruse Co., L.P.A.             1301 East Ninth Street, Suite 2200
                                     Cleveland, OH  44114
                                     Telephone:  (216) 579-4114
                                     Facsimile:  (216) 579-0605
                                     E-mail:  info@kahnkruse.com


                                     /s/ MF                              .
                                     **MATTHEW B. FLANERY**
                                     State Bar No. 24012632
                                     **GRANT & FLANERY, P.C.**
                                     216 W. Erwin, Suite 200
                                     Tyler, Texas 75702
                                     Telephone: (903) 596-8080
                                     Facsimile: (903) 596-8086
                                     E-mail:  Matt@GFTexas.com
                                     **ATTORNEYS FOR PLAINTIFF**


### Jury Demand

Plaintiff hereby demands trial by jury with the maximum number of jurors allowed at law.


                                     /s/ MF                              .
                                     MATTHEW B. FLANERY


                                     *s/ Mark F. Kruse*
                                     MARK F. KRUSE